IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE D. BAKER,<br><br>        Petitioner,<br><br>    v.<br><br>CONNIE GIPSON, Warden, California State Prison, Corcoran,<br><br>        Respondent. | No. 2:11-cv-03187-JKS<br><br>MEMORANDUM DECISION |

Dominique D. Baker filed a *pro se* Amended Petition for Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254.  Baker is currently in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at California State Prison, Corcoran.  Respondent has answered.  Baker has not replied.

I. BACKGROUND/PRIOR PROCEEDINGS

On October 22, 2007, while Baker was incarcerated in state prison, two correctional officers approached Baker's cell and asked for his breakfast tray.  Baker was supposed to pass his tray to the officers through a "food port" in exchange for a sack lunch.  Baker initially refused, stating that he wanted two sack lunches because his lunch from the previous day had been taken from him.  After one of the officers explained that Baker would only receive one lunch, Baker placed his tray on the food port.  As that officer removed the tray, Baker threw water through the port at the two officers.

A jury convicted Baker of two counts of battery on a non-confined person.  The trial court found true the allegation that Baker had two prior serious or violent felony convictions.

The court dismissed one prior conviction in the interest of justice.  The court sentenced Baker to 6 years' imprisonment, consisting of twice the middle term of three years on count one.  The sentence on count two was stayed.

Baker directly appealed, arguing that: 1) the trial court erred in denying his motion to exclude his statement to the correctional facility nurse admitting that he had thrown water; 2) the trial court abused its discretion in excluding evidence that one of the officers in question had previously filed a false report in an unrelated matter; 3) the trial court abused its discretion in denying his motion for a continuance; 4) the cumulative effect of the foregoing errors was prejudicial and required reversal; and 5) the trial court failed to exercise informed discretion when it rejected its tentative indication of a low term sentence and instead imposed the middle term.

The California Court of Appeal denied Baker relief in a reasoned opinion.  Baker did not file a petition for review with the California Supreme Court.

Baker then filed three petitions for writ of habeas corpus with the California Supreme Court.  In his first petition, Baker argued that: 1) his statement to the correctional facility nurse should have been suppressed; and 2) his conviction was not supported by substantial evidence where there was no evidence of an injury.

In his second petition filed with the supreme court, Baker argued that the trial court erred and his counsel was ineffective for failing to provide him with the trial transcripts.

In his third and final petition filed with the supreme court, Baker appears to have argued that there was insufficient evidence to support his conviction where there was no evidence of an injury.

On September 14, 2011, the California Supreme Court summarily denied all three petitions.

On October 11, 2011, Baker filed a Petition for Writ of Habeas Corpus with this Court. On December 16, 2011, this Court dismissed the Petition with leave to amend to name the proper respondent and state all claims for relief. On January 13, 2012, Baker timely filed a First Amended Petition.

## II. CLAIMS RAISED

In his Amended Petition filed with this Court, Baker raises the following claims for relief: 1) the trial court imposed an illegal enhancement and erred in sentencing him to six instead of four years without the support of additional findings of fact; 2) there was insufficient evidence to support his conviction where neither of the officers sustained any injury; 3) counsel was ineffective for failing to litigate his claims that he did not touch the victims and that they did not sustain any injury; and 4) the trial court imposed an unlawful sentence because the enhancement was used for dual purposes, the sentence was outside the lawful sentencing range, and a jury did not find aggravating facts upon which to base his sentence.

Respondent moved to dismiss claims one, three and four on the ground that they were unexhausted. A magistrate judge recommended that the motion be granted, and on February 13, 2013, this Court adopted the magistrate's findings and recommendations in full. Accordingly, this Court's review is limited to claim two.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is "contrary" to federal law "if the state court applies a rule that contradicts the governing law set forth" in controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision," *Williams*, 529 U.S. at 412, and not circuit precedent, *see Renico v. Lett*, 559 U.S. 766, 778-79 (2010). The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds and not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

In applying these standards in habeas review, this Court reviews this "last reasoned decision" by the state court. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991). Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Baker has not replied to Respondent's answer. The relevant statute provides that "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248; *see also Carlson v. Landon*, 342 U.S. 524, 530 (1952). Where there is no traverse filed and no evidence offered to contradict the allegations of the return, the court must accept those allegations as true. *See Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

## IV. DISCUSSION

Claim Two: Insufficient evidence to support his conviction

In Baker's only remaining claim, he argues that the evidence was insufficient to support his convictions for battery where there was no evidence that he injured either of the two correctional officers when he threw water at them.

Respondent did not address claim two, but rather addressed claim one, which this Court previously dismissed.

There is no reasoned state-court decision for this Court to review because the California Supreme Court summarily denied Baker's three petitions for writ of habeas corpus. A state court, however, is not required to give reasons before its decision can be deemed to be "adjudicated on the merits." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011). Where there is no reasoned state-court decision denying a claim presented to the state, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* (citing *Harris v. Reed*, 489 U.S. 255, 265 (1989)). Where the presumption applies, this Court must perform an independent review of the record to

ascertain whether the state court decision was "objectively unreasonable." *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (quoting *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005) (per curiam)).

As articulated by the Supreme Court in *Jackson*, the constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original); *see McDaniel v. Brown*, 558 U.S. 120, 132-33 (2010) (reaffirming this standard). This Court must, therefore, determine whether the California court unreasonably applied *Jackson*. In making this determination, this Court may not usurp the role of the finder of fact by considering how it would have resolved any conflicts in the evidence, made the inferences, or considered the evidence at trial. *Jackson*, 443 U.S. at 318-19. Rather, when "faced with a record of historical facts that supports conflicting inferences," this Court "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and defer to that resolution." *Id.* at 326; *see McDaniel*, 558 U.S. at 133.

It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law. *See Engle v. Isaac,* 456 U.S. 107, 128 (1982). Consequently, although the sufficiency of the evidence review by this Court is grounded in the Fourteenth Amendment, it must undertake its inquiry by reference to the elements of the crime as set forth in state law. *Jackson*, 443 U.S. at 324 n.16. This Court must also be ever mindful of the deference owed to the trier of fact and the sharply limited nature of constitutional sufficiency review. *Juan H. v. Allen*, 408 F.3d 1262, 1275 (9th Cir. 2005). A fundamental principle of our

federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *see West v. AT&T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law.  When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . ."). A determination of state law by a state intermediate appellate court is also binding in a federal habeas action. *See Hicks v. Feiock,* 485 U.S. 624, 629-30 & n.3 (1988) (noting that state appellate court's determination of state law is binding and must be given deference).

Baker was convicted of two counts of battery in violation of California Penal Code ("CPC") § 4501.5.  LD 1.  CPC § 4501.5 provides that "[e]very person confined in a state prison . . . who commits a battery upon the person of any individual who is not himself a person confined therein shall be guilty of a felony."  CPC § 242 defines "battery" as "any willful and unlawful use of force or violence upon the person of another."  Accordingly, in order to have found Baker guilty of violating CPC § 4501.5, the jury was required to find that: 1) Baker was confined in a state prison; 2) while confined, he willfully touched the victims in a harmful or offensive manner; and 3) the victims were not confined in a state prison.  *People v. Flores*, 97 Cal. Rptr. 3d 924, 930-31 (Cal. Ct. App. 2009).

Baker only contests that his conduct did not amount to battery because neither of the correctional officers were injured by the water.  However, offensive "touching" constituting battery may be done indirectly, such as throwing liquids at a correctional officer, and the slightest touching may constitute a battery.  *See Flores*, 97 Cal. Rptr. 3d at 928-29 (throwing of bodily fluids at a correctional officer is a violation of CPC § 4501.5); *People v. Myers*, 71 Cal.

Rptr. 2d 518, 522 (Cal. Ct. App. 1998) ("[A]n offensive touching, although it inflicts no bodily harm, may nonetheless constitute a battery."). In other words, no physical harm or injury is required in order to convict a defendant of battery. *See People v. Rocha*, 479 P.2d 372, 376-77 & n.12 (Cal. 1971). "Force against a person is enough, it need not be violent or severe, it need not cause bodily harm or even pain, and it need not leave any mark." *Id*. at 377 n.12.

Baker's claim that the evidence against him was insufficient because his conduct did not cause injury is thus without merit. His concession that he was incarcerated at the time and that his conduct was directed at correctional fofficers, along with his statement to the attending nurse that he threw water at the guards, was sufficient to convict him of battery under CPC § 4505.1. The record does not compel the conclusion that no rational trier of fact could have found the elements of battery beyond a reasonable doubt, especially considering the double deference owed under *Jackson* and AEDPA. The supreme court's denial of relief on this claim was thus not objectively unreasonable. *Reynoso*, 462 F.3d at 1109. Baker is therefore not entitled to relief on this claim.

<u>Cruel and unusual punishment</u>

Baker received a sentence of 6 years' imprisonment for throwing water at two prison guards through his food tray port. CPC § 4501.5 mandates that a court impose a sentence of 2, 3, or 4 years, to be served consecutively, where a prisoner is found guilty of battery on a non-confined person. The court imposed the middle term of 3 years which it doubled based on a prior conviction.

Although Baker does not argue that his sentence was cruel and unusual, it is worth noting that his sentence was steep where even the trial court described his conduct as "a minor thing."

In any event, it does not appear that Baker's sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment. The Eighth Amendment, which applies to the States by virtue of the Fourteenth Amendment, *see Robinson v. California*, 370 U.S. 660 (1962), provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Supreme Court has held that "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (citation omitted).

     Here, the California Supreme Court upheld Baker's sentence of 6 years where he was convicted of battery on a non-confined person and was also a repeat offender. Baker's is not "the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Ewing v. California*, 538 U.S. 11, 29-30 (2003) (sentence of 25 years to life for grand theft of $1,200 of golf clubs was not cruel and unusual (quoting *Harmelin,* 501 U.S., at 1005 ) (Kennedy, J., concurring in part and concurring in judgment)); *see Lockyer*, 538 U.S. at 77 (two consecutive sentences of 25 years to life for petty theft was not cruel and unusual). The California Supreme Court's affirmance of Baker's sentence was therefore not "contrary to, or involved an unreasonable application of," the gross disproportionality principle, the contours of which are unclear. *Lockyer*, 538 U.S. at 72-73.

V. CONCLUSION

Baker is not entitled to relief on any ground raised in his Amended Petition.

**IT IS THEREFORE ORDERED THAT** the Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*, 537 U.S. at 327 (2003)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: February 24, 2014.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge